IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

TERREN CURTIS        *

     Appellant,        *

v.        *     Case No.: GJH-14-566

NORBERT P. ABELL, *et al.*

     Appellees.        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Appellant Terren Curtis, the Debtor in the underlying bankruptcy case ("Debtor"), appeals the January 14, 2014 order of the bankruptcy court, denying Debtor's Motion to Make Additional Findings of Fact and to Alter and Amend the Judgment. Oral argument is not needed. *See* Fed. R. Bankr. P. 8012; Loc. Rule 105.6. For the reasons stated below, the bankruptcy court's denial of Debtor's motion will be AFFIRMED.

### I. BACKGROUND

On November 29, 2012, Debtor filed a Chapter 7 Voluntary Petition for bankruptcy in the United States Bankruptcy Court for the District of Maryland. ECF No. 1. On March 5, 2013, Debtor filed two motions to avoid judicial liens pursuant to 11 U.S.C. § 522(f)(2). *Id.* Under 11 U.S.C. § 522(f)(1), a judicial lien can be avoided to the extent it impairs a debtor's exemption. A lien impairs an exemption when the sum of the lien at issue, all other liens, and the debtor's exemptions exceeds the value of the property in the absence of any lien. 11 U.S.C. § 522(f)(2).

The two judicial liens sought to be avoided were attached to three of Debtor's properties: Lots 2 & 3, Block 23, Longview Beach ("Lots 2 & 3") and Parcel 31, E/S Maddox Road, Chaptica, MD 20621 (the "Maddox Road property"). *Id.* Appellees Norbert and Deborah Abell held one of the liens and Cedar Point Federal Credit Union held the other lien.[1] The Abells responded to the motion on April 1, 2013, arguing that Debtor understated the values of the real property. *Id.* Debtor filed a reply on April 10, 2013. *In re Curtis*, 12-31195 (Bankr. D.Md) (Docket No. 36).

The court scheduled a hearing to address Debtor's motions to avoid the liens for April 2013, but the parties needed additional time to prepare and it was rescheduled. (Bankr. H. Trans. May 16, 2013). On May 14, 2013, Debtor submitted the documents he wished to present to the court at the hearing. *In re Curtis*, 12-31195 (Bankr. D.Md) (Docket No. 39). Those documents included an administrative probate order for the estate of Norman Joseph Curtis, a real estate inventory for the estate of Norman Joseph Curtis, a list of interested persons for the estate of Norman Joseph Curtis, a quit-claim deed from James Roscoe Curtis, and appraisal reports for all three properties at issue. *Id.*

The U.S. Bankruptcy Court held a hearing on May 16, 2013. As to the Maddox Road property, Debtor took the stand and the court directed him to explain and provide support for the value of the property, his ownership of the property, and anything further to support why the judgment liens should be avoided. (Bankr. H. Trans. May 14, 2013). Debtor discussed his ownership of the property, the amount of the judicial liens, and his total exemptions. He did not present evidence of post-judgment interest on the judicial liens, unpaid taxes, or unused exemptions. Once both parties presented their evidence, the court explained its ruling on the

---

[1] Debtor has not appealed the decision of the bankruptcy court with regard to his motion to avoid Cedar Point Federal Credit Union's judicial lien.

record. The court found that Cedar Point Federal Credit Union's judicial lien, which was superior to the Abells' lien, was partially avoided with regard to Lots 2 & 3 but was not avoided with regard to the Maddox Road property. As for the Abells' lien, the court ordered that "the judgment is avoided in its entirety as to Lot 2 and Lot 3" and "the judgment lien on the Maddox Road property is avoided to the extent of $1,330.84, thereby reducing [the] judgment lien to $6,836.46." ECF No. 1.

On November 13, 2013, Debtor filed a Motion to Make Additional Findings of Fact And to Alter and Amend The Judgment. *Id.* Debtor's motion was limited to the Abells' lien on the Maddox Road property. He asked that the bankruptcy court include Cedar Point Federal Credit Union's post-judgment interest to reduce further the Abells' lien and supplied his own calculation of the post-judgment interest. Debtor also claimed that there were unpaid taxes on the Maddox Road property and requested that the court include the unpaid taxes to reduce the Abells' lien even further. He attached a notarized letter from the St. Mary's County treasurer to show the amount of unpaid taxes on the property. Finally, Debtor sought an unclaimed exemption of $1,003.06 to decrease the Abells' judicial lien on the Maddox Road property.

On January 14, 2014, the U.S. Bankruptcy Court denied this motion, indicating that "the issues were not raised at the hearing when all evidence was presented." *Id.* Debtor timely filed an appeal to this Court and filed his brief on March 19, 2013. ECF No. 3. The Abells formally declined to respond.[2] ECF No. 5.

---

[2] In this appeal, both parties are unrepresented. The Abells indicated that they have exhausted their savings and will except this Court's decision. ECF No. 5.

## II.   DISCUSSION

The Court hears this bankruptcy appeal under 28 U.S.C. § 158(a). Parties of bankruptcy cases can appeal orders that dispose of discrete disputes within the larger case. *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). In this case, the judicial lien issue is appealable as it was completely resolved by the bankruptcy court. Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2).

Rule 52 of the Fed. R. of Civ. P. applies to Debtor's motion to amend the court's findings and judgment. *See* Fed. R. Bankr. P. 7052.[3] Fed. R. Civ. P. 52(b) provides, "[o]n a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly." However, the Fourth Circuit has recognized three grounds on which a court may alter or amend an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). Parties cannot use a Rule 52(b) motion to relitigate an issue or to present evidence that could have been presented prior to the court's order. *Gutierrez v. Ashcroft,* 289 F.Supp.2d 555, 561 (D. N.J. 2003). Indeed, "[a] party who failed to prove his strongest case is not entitled to a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or a conclusion of law." 9C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2582 (3d ed.).

---

[3] The Court notes that this motion was filed pursuant to Fed. R. Bankr. P. 7052, which typically applies only in adversary proceedings. A proceeding to avoid a lien under 11 U.S.C. § 522(f) is not an adversary proceeding. Fed. R. Bankr. P. 4002(d). However, under Fed. R. Bankr. P. 9014, the adversary proceeding rules apply in contested matters not otherwise governed by the rules. Thus, Rule 7052 does govern Debtor's motion.

A review of a lower court's decision to grant or deny a motion under Rule 52(b) is for abuse of discretion. *Golden Blout, Inc. v. Robert H. Peterson Co.*, 438 F.2d 1354, 1368 (Fed. Cir. 2005); *Cf. Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (standard of review for similar rule, Rule 59(e), which concerns a motion to alter or amend judgment). In this case, the bankruptcy court held a hearing to determine the extent to which the judicial liens on Debtor's properties would be avoided, if at all. The court was not responsible for marshalling all the evidence and information for Debtor that could potentially reduce the judicial liens against his properties. Instead, Debtor was to present his strongest case to avoid the judicial liens at the scheduled hearing. In fact, the court rescheduled the hearing once to permit the parties to better prepare for the hearing. (Bankr. H. Trans. May 16, 2013). At the hearing, Debtor did not present evidence of post-judgment interest on the judicial liens, unpaid taxes on the properties, or unused exemptions. The court ruled on his motion based on the evidence introduced at the hearing and did partially reduce the Abells' lien on the Maddox Road property.

After receiving the court's order, under the guise of a "Motion to Make Additional Findings of Fact and to Alter and Amend the Judgment," Debtor attempted to reduce further the Abells' lien with evidence Debtor had not previously listed in his proposed exhibits nor presented at the hearing. Without providing any indication that the evidence was not readily available at the time of the hearing, Debtor waited until his motion to amend to assert that the court should consider post-judgment interest, unpaid taxes, and an unclaimed exemption when reducing the Abells' lien. This motion was rife with potential factual disputes—Debtor calculated the post-judgment interest himself, submitted an affidavit with regard to unpaid taxes, and baldly stated his entitlement to an unused exemption. Because Fed. R. Civ. P. 52 does not permit the presentation of evidence that could have been presented before the court's order, the

bankruptcy court did not abuse its discretion in denying Debtor's attempt to relitigate the issue. To find otherwise, and thereby permit continuous litigation of the same issue, would cause fundamental unfairness and inefficiency.

## III.    CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying the Motion to Make Additional Findings of Fact and to Alter and Amend the Judgment will be AFFIRMED by separate order.

Dated: July 28, 2014

George J. Hazel
United States District Judge